UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RED ROCK COMMUNICATIONS, INC., a Nevada Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN TELECASTING, INC., a Delaware corporation; SUPERCHANNELS OF LAS VEGAS, INC., an Arizona corporation; ROBERT D. HOSTETLER; DONALD R. DePRIEST; CFW COMMUNICATIONS FOUNDATION; CFW COMMUNICATIONS COMPANY; MCT INVESTORS, L.P.; DOES 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>  Defendants.<br><br>AMERICAN TELECASTING, INC., a Delaware corporation,<br><br>  Counterclaimant,<br><br>v.<br><br>RED ROCK COMMUNICATIONS, INC., a Nevada Corporation,<br><br>  Counterdefendant. | CV-S-01-0611-PMP (LRL)<br><br>O R D E R |

Presently before this Court are Defendant American Telecasting, Inc.'s ("ATI") Motion in Limine to Preclude Red Rock From Introducing "Lost Value" Damages and From Calling Witnesses Not Properly Identified During Discovery (Doc. #244); ATI's

1  Motion in Limine to Preclude Red Rock From Claiming Damages for "Lawrence's

2  Retirement" and Asserting It Received "Nothing" For Its Shares (Doc. #246); and ATI's

3  Motion to Strike Prayer for Punitive Damages (Doc. #248), filed on November 4, 2005.

4  Plaintiff Red Rock Communications, Inc. ("Red Rock") filed a Combined Opposition of

5  Red Rock to Defendant's Motions in Limine (Doc. #269) on November 23, 2005.  Red

6  Rock also filed an Opposition to Motion to Strike Prayer for Punitive Damages (Doc. #263)

7  on November 23, 2005.  ATI filed a Reply Memorandum in Support of ATI's Motion to

8  Strike Prayer for Punitive Damages (Doc. #265) on November 29, 2005.  The Court held a

9  hearing on these matters on February 3, 2006.  At the hearing, ATI also made an oral

10 motion to preclude reference at trial to "Sprint."  Red Rock opposed the motion.[1]

**I.  ATI's Motion in Limine to Preclude Red Rock From Introducing "Lost Value" Damages and From Calling Witnesses Not Properly Identified During Discovery (Doc. #244)**

13          In this motion, ATI moves to preclude Red Rock from calling certain witnesses

14 either stricken by this Court already, or who were not identified during discovery.

15 Specifically, ATI seeks to exclude Ronald Smith ("Smith"), Red Rock's accounting expert,

16 because this Court previously excluded Smith due to Red Rock's untimely disclosure of this

17 expert.  Further, ATI seeks to exclude Tom Axtell ("Axtell") and Jeff Ames ("Ames") as

18 fact witnesses because Red Rock never identified these individuals during discovery.

19 Finally, ATI seeks to exclude Rick Lawrence, Red Rock's appraiser, because although

20 Lawrence provided an appraisal of Superchannels of Las Vegas ("SCLV") as of September

21 2002, Red Rock now seeks to expand Lawrence's opinion to include SCLV's value as of

22 September 1999 when Sprint bought ATI to show how ATI dissipated SCLV's stock value

---

[1] Also pending is ATI's Motion to Strike Demand for Jury Trial (Doc. #247).  Because resolution of the issue before the Special Master may render this motion moot, the Court will defer ruling on this motion until the Court resolves any objections to the Special Master's report.  Briefing by the parties regarding objections to the Special Master's report is not yet complete.

over time. Red Rock argues it substantially complied with disclosure rules, and that precluding the evidence would be a harsh result that undermines the judicial preference for resolving matters on the merits. Red Rock asserts ATI has shown no prejudice, or if it has, Red Rock would agree to delay proceedings to permit ATI to conduct further discovery to overcome that prejudice.

Federal Rule of Civil Procedure 26(a)(1)(A) requires the parties to identify potential fact witnesses. Additionally, Rule 26(a)(2)(B) requires the parties to disclose the identity of each expert witness along with the expert's written report. Rule 37(c)(1) prohibits the use at trial of any information required to be disclosed by Rule 26(a) that is not disclosed properly. Fed. R. Civ. P. 37(c)(1); Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005). The non-disclosing party may escape Rule 37(c)'s sanction if the failure to disclose was substantially justified or was harmless. Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) does not require evidence of bad faith on the part of the non-disclosing party to exclude expert testimony. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing sanctions bears the burden of proving harmlessness. Id. at 1107.

**A. Mr. Smith**

This Court already struck Smith as a witness in this matter during the summary judgment stage because Red Rock untimely disclosed the expert, and that failure was not substantially justified or harmless. (Order [Doc. #170] dated Nov. 18, 2004.) The Court will not alter that ruling. Smith is precluded as a witness in this matter.

**B. Mr. Axtell and Mr. Ames**

ATI contends Red Rock never identified these witnesses until November 1, 2005, in violation of Rule 26's requirement of witness disclosure and continuing obligations to update discovery. ATI argues this failure is not harmless where Red Rock informed ATI of the new witnesses only a month before the previously scheduled trial date, and ATI

3

1  therefore has never conducted any discovery related to these witnesses.  Red Rock contends
2  it did not identify these witnesses until November because these witnesses only recently
3  obtained information relevant to the case.  Red Rock contends these witnesses have new
4  information about the telecommunications industry that will shed light on Sprint's recent
5  efforts to reacquire MMDS spectrum channels SCLV previously owned.
6         Red Rock has articulated a basis for substantial justification for its late disclosure
7  because the witnesses' relevance became apparent due to events which occurred after the
8  discovery cutoff date.  See Wong, 410 F.3d at 1060 (noting there may be good reason to
9  permit identification of witnesses after a set deadline under certain circumstances, and
10  suggesting one such circumstance may be if the party reasonably could not have anticipated
11  the necessity of the witness at the time the parties exchanged witness lists).  Although ATI
12  asserts it will be prejudiced by the late disclosure, the witnesses are known to ATI because
13  ATI principals have engaged in discussions with these witnesses about purchasing the
14  spectrum channels.  Thus, the information about which these witnesses may testify is within
15  ATI's knowledge.  The Court therefore will deny ATI's motion to preclude these witnesses.

### C.  Mr. Lawrence

17         Red Rock hired Rick Lawrence ("Lawrence") to conduct an appraisal of SCLV
18  as of September 2002.  Lawrence conducted the appraisal as part of the Shareholders'
19  Agreement's method of determining the put option price.  Red Rock has not supplied ATI
20  with an expert report detailing other opinions Lawrence might offer.  However, Red Rock
21  indicates it will call Lawrence to opine about SCLV's value as of September 1999, when
22  Sprint took over ATI, and then compare that with the September 2002 price to establish Red
23  Rock's loss of value in SCLV shares.
24         ATI objects to Lawrence as an undisclosed expert for whom Red Rock still has
25  not provided an expert opinion report.  ATI contends Lawrence's initial appraisal report
26  does not comply with Rule 26's expert report requirements, and further, that Rule 26 also

4

1  requires the report to state all of the expert's opinions. ATI contends it would be prejudiced
2  because it never deposed Lawrence. ATI claims it did not do so because Lawrence gave
3  only one opinion on an issue no longer in dispute -- the value of Red Rock's put option
4  price. ATI also notes this late disclosure precludes ATI from preparing a rebuttal expert.
5  Additionally, ATI asserts Red Rock is attempting to do an end run around the Shareholders'
6  Agreement's method for determining the put option price. ATI contends that Red Rock
7  will try to confuse the jury into thinking Lawrence's $16 million appraisal price is the
8  proper amount to consider when awarding damages, rather than the approximately $5
9  million appraisal price worked out under the Agreement's procedures.
10         Red Rock responds that ATI has been fully aware of Lawrence for a long time,
11 and Lawrence's appraisal documentation produced in 2002 already discloses the evidence
12 upon which Lawrence will base his opinions. Red Rock also asserts ATI has shown no
13 prejudice.
14         Red Rock originally hired Lawrence to appraise SCLV as of June-September
15 2002, and his appraisal addresses only that topic. To the extent Lawrence's appraisal could
16 be considered an expert report, anything outside this topic would be beyond the scope of
17 any expert disclosure on Lawrence. Red Rock has provided no expert report for Lawrence
18 detailing any other opinion even as of this date, much less by the expert witness disclosure
19 deadline. The Court therefore will preclude Red Rock from eliciting from Lawrence
20 anything beyond his opinion on SCLV's value as of September 2002. As for ATI's
21 argument that even this testimony is prejudicial, ATI is free at trial to explain the
22 Shareholders' Agreement's methods for determining the purchase price and to argue that
23 the agreed upon method is the true determinant of SCLV's value as of September 2002.
24 \\\
25 \\\
26

**IT IS THEREFORE ORDERED** that ATI's Motion in Limine to Preclude Red Rock From Introducing "Lost Value" Damages and From Calling Witnesses Not Properly Identified During Discovery (Doc. #244) is **GRANTED** to the extent that Witness Ronald Smith is hereby excluded from testifying at trial, and the testimony of Rick Lawrence shall be limited to his appraisal report on SCLV's value as of September 2002.

**IT IS FURTHER ORDERED** that ATI's Motion in Limine to Preclude Red Rock From Introducing "Lost Value" Damages and From Calling Witnesses Not Properly Identified During Discovery (Doc. #244) is **DENIED** in all other respects.

**II.  ATI's Motion in Limine to Preclude Red Rock From Claiming Damages for "Lawrence's Retirement" and Asserting It Received "Nothing" For Its Shares (Doc. #246)**

ATI moves to preclude Red Rock and its witnesses from stating that Red Rock's investment in SCLV constitutes the retirement or life savings of its principals, the Lawrences. ATI argues the Lawrences are not parties to the case, their investment has nothing to do with whether ATI breached its duties to Red Rock, and reference to the Lawrences' life savings would be prejudicial by invoking sympathy. Second, ATI moves to preclude Red Rock from arguing it received "nothing" for its SCLV shares in the put option sale. ATI argues Red Rock got what it bargained for under the Amendment to the Shareholders' Agreement, the excess cash contributions, deferred management fees, and interest that ATI contributed to SCLV. ATI contends that simply because the setoff will be higher than the put option price does not mean Red Rock got "nothing" for its shares. ATI asserts the Court should not permit Red Rock to reference the amount of ATI's setoff or the cash amount of what was actually paid to Red Rock. ATI asserts inserting the put option issue into the trial will confuse the fact finder.

\\\

1   Red Rock responds that ATI has attempted to paint Red Rock as getting a "free
2   ride" on ATI's contributions to SCLV.  Red Rock contends that it must show the Lawrences
3   substantially contributed personal funds to Red Rock and SCLV to rebut this
4   characterization.  Red Rock requests the Court to defer ruling on this issue until trial where
5   it can judge the probative value versus prejudicial effect in the context of the evidentiary
6   record. With respect to the "nothing for its shares" issue, Red Rock asserts it does not
7   intend to argue at trial that it got nothing for its shares.  Red Rock contends it should not be
8   precluded from mentioning the setoff amount at trial, however.  Additionally, Red Rock
9   argues it is for the trier of fact to determine the dates from which ATI's claimed setoffs
10  should apply.  Finally, Red Rock responds that the fact finder will not be confused because
11  by the time of trial, the special master will have resolved the setoff issue.

12  With respect to the Lawrences' retirement, the Court will preclude testimony that
13  the Lawrences' retirement or life savings was lost in Red Rock or SCLV.  Whether the
14  Lawrences personally will lose money is not an issue at trial.  See Fed. R. Evid. 401, 402.
15  The Lawrences are not parties to this suit.  The Court will preclude Red Rock and its
16  witnesses from mentioning that the Lawrences' retirement is tied up in Red Rock.  This
17  ruling does not prohibit Red Rock from eliciting the factual testimony that Red Rock, which
18  is a party to this action, has invested substantial funds in SCLV.

19  With respect to the "nothing for its shares" issue, Red Rock agrees it will not
20  make this argument at trial.  With respect to reference to the put option setoffs, the Court
21  will not preclude Red Rock from discussing the put option setoffs.  Should Red Rock
22  prevail, one aspect of its damages may be that ATI continued to charge Red Rock for
23  management fees despite essentially shutting down SCLV's operations to Red Rock's
24  detriment.  Precluding Red Rock from discussing the setoffs at all would inhibit Red Rock
25  from establishing some of the damages it alleges it suffered.
26  \\\

1   Accordingly, the Court will grant ATI's motion to preclude any testimony that
2 the Lawrences' retirement is invested in Red Rock, but the Court will not preclude
3 testimony that Red Rock has invested substantial resources in SCLV.  The Court will deny
4 ATI's motion in all other respects.
5   **IT IS SO ORDERED.**
6
7
8 **III. ATI's Motion to Strike Prayer for Punitive Damages (Doc. #248)**
9   ATI moves to strike Red Rock's prayer for punitive damages because ATI
10 contends Red Rock's Complaint sought punitive damages only for claims three, four, and
11 eleven, all of which the Court summarily adjudicated.  ATI asserts that because Red Rock
12 pled punitive damages only for certain claims, the implication is that it was not seeking
13 punitive damages on its other claims.  ATI thus argues Red Rock did not assert a prayer for
14 punitive damages for the surviving claims.  Red Rock responds that although the Third
15 Amended Complaint does not mention specifically punitive damages in the remaining
16 claims, the claims incorporated by reference the Complaint's preceding paragraphs, and
17 thus included the prayer for punitive damages.  Additionally, Red Rock asserts punitive
18 damages are allowable on Red Rock's remaining claims, and that Red Rock's remaining
19 claims assert ATI acted oppressively.  Further, Red Rock notes Rule 54(c) provides that a
20 judgment may grant relief to the prevailing party even if the party did not demand such
21 relief in its pleadings.
22   Federal Rule of Civil Procedure 54(c) provides that, except with respect to
23 default judgments, "every final judgment shall grant the relief to which the party in whose
24 favor it is rendered is entitled, even if the party has not demanded such relief in the party's
25 pleadings." Fed. R. Civ. P. 54(c).  Courts have interpreted this to mean a plaintiff need not
26 specifically claim punitive damages in the complaint so long as the complaint alleges

1  conduct that would support a claim for punitive damages, and the evidence at trial supports
2  sending the issue to the trier of fact.  See Scutieri v. Paige, 808 F.2d 785, 792 (11th Cir.
3  1987); Guillen v. Kuykendall, 470 F.2d 745, 748 (5th Cir. 1972); Riggs, Ferris & Geer v.
4  Lillibridge, 316 F.2d 60, 62-63 (2d Cir. 1963).  An exception to this rule is if failure to
5  demand the requested relief prejudiced the other party.  Int'l Harvester Credit Corp. v. E.
6  Coast Truck, 547 F.2d 888, 891 (5th Cir. 1977).  Under Arizona law, punitive damages may
7  be awarded for breach of fiduciary duty.  Rhue v. Dawson, 841 P.2d 215, 227 (Ariz. App.
8  Div. 1 1992).  Such an award is appropriate when based on "gross, wanton, malicious and
9  oppressive conduct or on conduct which shows spite, ill will or reckless indifference to the
10 interest of others."  Jerman v. O'Leary, 701 P.2d 1205, 1210 (Ariz. App. 1985).

11         Under Rule 54(c), Red Rock's failure specifically to seek punitive damages on
12 the remaining claims does not preclude a judgment awarding punitive damages.  ATI has
13 not demonstrated any prejudice from Red Rock's failure to request punitive damages with
14 respect to counts six and seven.  Punitive damages are a potential remedy under Red Rock's
15 remaining breach of fiduciary duty claim should Red Rock present evidence establishing the
16 requisite level of conduct under Arizona law.

17         **IT IS THEREFORE ORDERED** that ATI's Motion to Strike Prayer for
18 Punitive Damages (Doc. #248) is **DENIED**.

19
20

21 **IV.  ATI's Oral Motion to Preclude Red Rock From Mentioning Sprint**
22         At the hearing on these matters, ATI orally moved to preclude Red Rock from
23 mentioning its parent company, Sprint, at trial.  Red Rock opposed the motion, arguing it
24 must be permitted to mention Sprint because Sprint's buyout of ATI is what triggered much
25 of the conduct at issue in this case.
26

1 │ The factual predicate of this case involves Sprint's purchase of ATI. Even
2 │ though Sprint is not a party to this action, and the parties should remain focused on the
3 │ parties and issues that are before the Court, the Court will not flatly preclude the mention of
4 │ Red Rock's parent company, Sprint, at trial.

5 │ **IT IS SO ORDERED**.

9 │ DATED: August 16, 2006

_____
PHILIP M. PRO
Chief United States District Judge